IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | Civil Action No. 4:23-cv-3201 |
| Plaintiff, | § § | |
| v. | § § | ORIGINAL COMPLAINT |
| EMPLOYMENT & TRAINING CENTERS, INC. | § § § | |
| Defendant. | § | JURY TRIAL DEMANDED |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, *as amended,* and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability (end-stage renal disease) and to provide appropriate relief to Kevin McIntosh ("McIntosh"), who was adversely affected by such practices. As alleged with greater particularity below, Defendant Employment & Training Centers, Inc. ("Defendant") discriminated against McIntosh because of his disability by refusing to reasonably accommodate his disability and allowing him to take an alternative method of drug testing after he advised Defendant of his disability, and by failing to hire him and rescinding his conditional job offer on or about June 25, 2021.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964

("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Texas.

<u>PARTIES</u>

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Defendant Employment & Training Centers, Inc. ("Defendant"), has continuously been a Texas corporation doing business in the State of Texas and the City of Houston, and has continuously had at least 15 employees.  Defendant may be served with process of service by serving its registered agent, Roberto Gonzalez, 3355 West Alabama Street, Suite 360, Houston, Texas 77098-18666.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

ADMINISTRATIVE PROCEDURES

7.      More than thirty days prior to the institution of this lawsuit, Kevin McIntosh ("McIntosh") filed a charge with the Commission alleging violations of the ADA by Defendant Employment & Training Centers, Inc.

8.      On February 22, 2023, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and to provide appropriate relief.

9.       Thereafter, the Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.      On March 31, 2023, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.      All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

12.      Since at least June 25, 2021, Defendant has engaged in unlawful employment practices at its Houston offices, in violation of Sections 101 et seq. of Title I of the ADA, 42 U.S.C. § 12101 et seq.

13.      McIntosh is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).  McIntosh has an impairment, end-stage renal disease requiring regular dialysis, and which substantially limits one or more of his major life activities

including kidney function, the elimination of waste, and the operation of the major bodily functions of the genitourinary and endocrine systems.

14.     On or about June 24, 2021, McIntosh applied for a position with Defendant as a Temporary Image Review Clerk.

15.     On or about June 25, 2021, McIntosh interviewed for the job with the Defendant and provided his requested documentation.

16.     That same day, Defendant sent Charging Party a notice inviting him to complete the various forms required for employment, including documents required to complete a background check, his employment history, a notification agreement regarding his assignment, and two IRS forms.

17.     Included in the documents sent to McIntosh was a preprinted form for McIntosh to take to a third-party provider for a drug and alcohol test.  The form was preprinted and had the boxes checked for both urine and rapid drug screen tests.  One box, which was unchecked, provided an option for a hair sample method of testing.

18.     On or about June 25, 2021, after receiving these forms and a job offer, McIntosh advised the Defendant, that due to his end-stage kidney disease, he was unable to produce a urine specimen and requested the reasonable accommodation of an alternative method of testing.

19.     After his initial request for accommodation, Defendant informed McIntosh, via e-mail, that it could not provide an accommodation, indicating that its vendor did not provide drug testing using blood work.    Defendant never mentioned or offered to allow him to utilize the hair collect option listed on the form provided to him or offered any other testing alternatives.

20.     McIntosh offered to undergo any form of testing for drugs or illegal substances. His offer was rejected. He specifically asked whether an accommodation of a hair sample test was also

out of the question.  Defendant responded that it could not reasonably accommodate McIntosh via a hair follicle test.

21.     Defendant revoked its conditional job offer to McIntosh.

22.     Several days later, on or about June 30, 2021, Defendant made an entry in its human resources information system about McIntosh noting, "Could not submit to drug test for medical reasons.  Accommodation could not be made."

23.     Defendant had discussed internally that a hair follicle drug test could take four additional days to obtain the results.

24.     Defendant never contacted its client to determine whether the client would agree to an alternative drug test or other reasonable accommodation prior to Defendant's refusing to accommodate McIntosh.

25.     Defendant failed to reasonably accommodate McIntosh by providing him with an alternative method of testing, in violation of Title I of the Americans with Disabilities Act.

26.     Defendant failed to hire McIntosh in violation of Title I of the Americans with Disabilities Act.

27.     The effect of the practices complained of in paragraphs 12 to 26 above have been to deprive McIntosh of equal employment opportunities and otherwise adversely affect his status as an applicant for employment, because of his disability.

28.     The unlawful employment practices complained of in paragraphs 12 to 26 above were and are intentional.

29.     The unlawful employment practices complained of in paragraphs 12 to 26 above were and are done with malice and with reckless indifference to the federally protected rights of McIntosh.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from refusing to accommodate job applicants, from failing to hire employees because of their disabilities, and from discriminating against employees because of their disabilities.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make McIntosh whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay.

D.     Order Defendant to make whole McIntosh by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12 to 26 above, including job search expenses and medical expenses, in amounts to be determined at trial.

E.     Order Defendant to make McIntosh whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12 to 26 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Defendant to pay punitive damages for its malicious and reckless indifference to McIntosh's federally protected rights, as described in paragraphs 12 to 26 above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**EQUAL EMPLOYMENT
OPPORTUNITIY COMMISSION**

**GWENDOLYN YOUNG REAMS**
Acting General Counsel

**CHRISTOPHER LAGE**
Deputy General Counsel
131 M Street, N.E.
Washington, D.C. 20507

**RUDY L. SUSTAITA**
Regional Attorney

**KATHY D. BOUTCHEE**
Assistant Regional Attorney

*/s/ Lloyd S. van Oostenrijk*
**Lloyd S. van Oostenrijk**
Trial Attorney
Attorney-in-Charge
Texas Bar No. 24056467
S.D. Tex. No. 695844
lloyd.vanoostenrijk@eeoc.gov

Equal Employment
Opportunity Commission
Houston District Office
Mickey Leland Federal Building
1919 Smith Street, 7th Floor
Houston, Texas 77002
346.327.7718 [Telephone]
713.651.7995 [Facismile]

**COUNSEL FOR EEOC**