Case 4:23-cv-03201 Document 21 Filed on 08/16/24 in TXSD Page 1 of 15
Case 4:23-cv-03201 Document 20-1 Filed on 08/12/24 in TXSD Page 1 of 15

United States District Court
Southern District of Texas
**ENTERED**
August 16, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | CIVIL ACTION NO. 4:23-cv-3201 |
| Plaintiff, | § § | |
| v. | § § | |
| EMPLOYMENT & TRAINING CENTERS, INC. | § § § § | |
| Defendant. | § | JURY TRIAL DEMANDED |

**CONSENT DECREE**

THIS CONSENT DECREE is made and entered into by and between the Equal Employment Commission ("EEOC" or "Plaintiff") and Employment & Training Centers, Inc. ("ETC" or "Defendant") (Plaintiff and Defendant are collectively referred to herein as "the Parties"), with regard to the EEOC's Complaint (the "Complaint"), filed in the above-entitled Civil Action No. 4:23-cv-3201, in the United States District Court for the Southern District of Texas, Houston Division (the "Lawsuit"). The Complaint was based on a Charge of Discrimination (the "Charge") filed by Kevin McIntosh ("McIntosh" or "Charging Party") against Defendant under Charge No. 460-2021-04088 (the "Charge").

**I.
STIPULATIONS AND AGREEMENTS**

**Claims.** The Complaint filed by the EEOC alleges that Defendant violated the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101, *et seq.*, by failing to provide McIntosh, an applicant for employment, with a reasonable accommodation for his disability and failing to hire him because of his disability to enable him. Defendant denied the claims and

1

allegations alleged in the Charge and Complaint. This Consent Decree does not constitute an admission of liability. Indeed, Defendant enters into this Consent Decree as a compromise of bona fide disputes and neither Party shall be considered a "prevailing" party.

**Jurisdiction and Venue.** The Parties stipulate that this Court has jurisdiction over the subject matter of this action and the Parties, that venue is proper in this Court, and that all administrative prerequisites have been satisfied.

**All Terms and Conditions Set Forth Herein.** The Parties agree to compromise and settle the differences embodied in the Charge and Complaint and intend that all the terms and conditions of the compromise and settlement between the Parties be set forth in this Consent Decree ("Decree").

## II.
## RESOLUTION AND RELEASE OF ALL CLAIMS

In consideration of the agreements set forth in this Decree, the sufficiency of which is hereby acknowledged, the Parties agree as follows and the Court ORDERS that:

1.  **Resolution of All Claims.** This Decree resolves all issues and claims arising out of the Charge, the Complaint, and this Lawsuit. This Decree in no way affects the EEOC's right to process, investigate and/or litigate any other charges of discrimination against Defendant other than the above-referenced Charge, and the EEOC makes no waiver of such right.

2.  **Release of Claims.** Charging Party has executed a Release of Claims, in which he has, in consideration for receipt of the Settlement Amount, agreed to waive his right to recover for any claims of disability discrimination under the ADA against Defendant that accrued prior to the date of the release and that were included in the claims alleged in the Lawsuit. The Release of Claims is appended hereto as **Exhibit "A"** and is incorporated herein.

3.  **Term of Decree.** The term of this Decree shall be two (2) years, which will commence on the date this Decree is entered by the Court.

### III.
### INJUNCTIVE RELIEF

4.  **Injunction Prohibiting Discrimination/Failure to Accommodate.** Defendant is enjoined from engaging in any employment practice that violates the ADA including, but not limited to, (a) failing to hire, or otherwise discriminating against, an applicant or employee because of disability, or (b) failing to accommodate an applicant or employee with a disability as required by the ADA.

5.  **Injunction Prohibiting Retaliation.** Defendant is enjoined from engaging in any employment practice that retaliates against an applicant or employee who in good faith, exercises their right to resist, complain about, and/or otherwise oppose what they reasonably believe is unlawful discrimination, or to request an accommodation.

### IV.
### SETTLEMENT PAYMENT

6.  **Settlement Amount.** Defendant shall pay McIntosh the total sum of Thirty Five Thousand and 00/100 Dollars ($35,000.00) (the "Settlement Amount") in full and final settlement of all claims which were or could have been raised in the Charge or the Lawsuit in the form of two (2) checks (the "Settlement Checks"), as set forth at paragraphs 7-8 below. McIntosh shall provide Defendant with executed copies of IRS Forms W-4 and W-9 with the executed Release of Claims.

7.  **Settlement Check for Back Pay.** The first check from the Settlement Amount shall be for the sum of Seventeen Thousand Five Hundred and 00/100 Dollars ($17,500.00) and is intended by the Parties to compensate McIntosh for back pay and/or lost wages and benefits associated with the EEOC's claims against Defendant, and thus, shall be subject to withholding of

applicable federal payroll and income taxes, and shall be made payable to "Kevin McIntosh." Defendant shall issue and mail to McIntosh an individual Internal Revenue Service Form W-2 by January 31st of the year following the payment of this Settlement Check.

8. **Settlement Check for Section 1981a Damages.** The second check from the Settlement Amount shall be for the sum of Seventeen Thousand Five Hundred and 00/100 Dollars ($17,500.00) and is intended by the Parties to compensate McIntosh for losses associated with the EEOC's Section 1981a damages claims against Defendant, including, but not necessarily limited to, compensation for McIntosh's past and future non-pecuniary losses including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, and thus, shall not be subject to any withholdings of any taxes by Defendant and shall be made payable to "Kevin McIntosh." Defendant shall issue and mail to McIntosh an individual Internal Revenue Service Form 1099 by January 31st of the year following the payment of this Settlement Check.

9. **Delivery of Settlement Checks.** Within ten (10) business days of the entry of this Decree, Defendant shall deliver the Settlement Checks described in paragraphs 7-8 above directly to Charging Party at the address provided by the EEOC by overnight mail through the U.S. Postal Service, the United Parcel Service, Federal Express, or a comparable service provider, at Defendant's cost or expense. Within five (5) business days of the delivery of the Settlement Checks to Charging Party, Defendant shall provide a copy of each executed Settlement Check to the EEOC to certify that the payments have been made by Defendant.

10. **EEOC's Reporting Requirements Under IRS Sections 162(F) And 6050x.** The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be

deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the IRS.

11. **Defendant's Information.** Within seven (7) days of the entry of this Decree, Defendant agrees to provide, both the in the manner specified for notice in this Decree and through the EEOC Respondent Portal, 1) the Defendant's EIN and 2) the individual and physical address to whom the EEOC should mail the copy of the Form 1098-F, if the EEOC is required to issue one. This identified individual must be an employee of the Defendant.

12. **No Representation by the EEOC or Defendant.** Neither the EEOC nor Defendant has made any representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction or as income under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. The provision of IRS Forms W-2 and 1099 does not mean that the amounts represented on those Forms is taxable or non-taxable payments. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC or Defendant.

13. **Not Acting in Reliance on IRS Deduction.** The Parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

14. **Accrual of Interest for Non-Payment.** In the event either Settlement Check described in paragraphs 7-8 above is not timely paid, as described in paragraph 9 above, interest shall immediately accrue on the relevant portions(s) of the Settlement Amount at the then-current IRS penalty rate and shall be immediately owed to Charging Party by Defendant. Interest in an

amount of no less than thirty (30) days shall be paid by Defendant for the initial and each subsequent period of delinquency of one (1) to thirty (30) days.

## V.
## NOTICE OF NON-DISCRIMINATION

15. **Posted Notice.** Defendant shall, within thirty (30) days after entry of this Decree, conspicuously and prominently post at all ETC office locations, in one or more places that are easily accessible by employees, one or more copies of the Notice appended hereto as **Exhibit "B,"** which sets forth generally the requirements of the ADA, including reasonable accommodation, and the statute's prohibitions against disability discrimination and retaliation for engaging in protected activity. The Notice shall be signed by an officer of ETC and shall be at least 8½ by 11-inches in size. In addition, the Notice shall be posted online through ETC's intranet and/or internet address where it is accessible to applicants and employees of Defendant. The Notice shall remain posted for the full term of this Decree. Within five (5) business days of posting the Notice, ETC shall certify to the EEOC in writing that this requirement has been accomplished.

## VI.
## DISCRIMINATION POLICIES

16. **Reasonable Accommodations Policies.** Within thirty (30) days after entry of this Decree, Defendant shall do the following:

    A.    The Defendant shall establish a policy which shall be made available to all applicants and existing employees for alternate methods of drug testing, such as collection of blood and/or hair samples and/or oral fluid, as a reasonable accommodation for individuals whose disability prevents them from producing urine.

    B.    All policies governing requests for reasonable accommodations and guidelines for considering and granting accommodations shall specifically describe the rights of applicants and employees to make such requests, the process for making the request, including the identity of the person, by name and/or title, to whom such a request should be made, and the criteria for consideration of such requests. The policies/procedures shall also be included a statement that a decision regarding the request shall be made to the requestor in writing within twenty (20) days of the date the request for reasonable accommodation is made, and if the request is denied, the reason for the denial shall be provided in writing by that deadline.

17. **EEO Policies.** Defendant's policies shall comply with federal workplace discrimination laws and include, at minimum, the following:

    A.    All EEO policies and procedures prohibiting discrimination against employees and applicants for employment with respect to hiring, compensation, promotions, termination or other terms, conditions or privileges of employment shall be revised to specifically prohibit discrimination because of an applicant or employee's disability. Defendant shall also provide an explanation as to what constitutes disability discrimination under the ADA.

    B.    All policies prohibiting retaliation for complaining about unlawful discrimination or harassment, shall be revised to specifically prohibit retaliation for making a complaint about disability discrimination and/or failure to accommodate, and for making a complaint to the Equal Employment Opportunity Commission or comparable state Fair Employment Practices agency.

Defendant shall submit all revised policies, procedures, and guidelines addressed in this paragraph to the EEOC for review within twenty (20) days of making the revisions. The EEOC may submit to Defendant any requested modifications or revisions to the revised policies within fourteen (14) days of receipt.

18. **Distribution of Policies.** Within thirty (30) days after establishing and/or revising the policies and procedures described in paragraphs 16-17, and updating their handbook, and submitting them to the EEOC for review and agreement, Defendant shall distribute, electronically or by hard copy, the updated handbook and all such policies and procedures to all existing employees. Defendant shall provide written notification to the EEOC of the distribution described in this paragraph within twenty (20) days following the distribution.

## VII.
## TRAINING

19. **Management Training.** Defendant's owner(s), officers, managers, supervisors, and human resources personnel shall attend annual professional training regarding employment discrimination, including ADA prohibitions regarding discrimination and retaliation, reasonable accommodation requirements for applicants and employees and the prohibition against refusing to hire and/or provide reasonable accommodation to an individual based on disability. The training shall be at least two (2) hours in duration. As part of the training, all such individuals shall be advised that failure to comply with Defendant's EEO policies, procedures and guidelines may be grounds for serious discipline, including suspension, demotion or discharge depending on the degree of misconduct.

20. **Employee Training.** Defendant shall also provide annual training to all recruiters and other employees of Defendant not described in paragraph 19 which advises

employees of their rights under employment anti-discrimination/EEO laws, with a special emphasis on ADA prohibitions regarding discrimination, harassment and retaliation, failure to provide reasonable accommodation requirements for individuals with disabilities. The training shall be at least one (1) hour in duration.

21. **Schedule for Training Sessions.** The first sessions of the trainings described in paragraphs 19-20 shall be conducted within ninety (90) days following entry of this Decree, with additional sessions under each paragraph to be conducted annually.

22. **Trainer and Curriculum Information to be Provided to EEOC.** At least forty-five (45) days prior to the initial training sessions described in paragraphs 19-20 of this Decree, Defendant shall provide to the EEOC: (1) the name of the instructor(s) conducting the training sessions, his or her (or their) title(s) or affiliation(s), and his or her (or their) qualifications for conducting the training; and (2) a copy of the curriculum(s) and material(s) to be utilized. The instructor must an individual or team with at least five years of experience of either training employers on anti-discrimination laws or handling employment discrimination matters. The EEOC will have twenty (20) days from receipt of this information to notify Defendant of any issues concerning the instructor(s) and/or the curriculum(s) which need to be changed. Defendant shall work cooperatively with the EEOC to resolve any such issues, if any, within fifteen (15) days of notification by the EEOC. If the instructor(s) and/or curriculum(s) utilized for any future training session changes, Defendant shall submit this information to the EEOC for review in the same manner and within the same timeframes described in this paragraph.

23. **Written Acknowledgment of Training.** No more than thirty (30) days after each training session described in paragraphs 19-20 of this Decree is conducted, Defendant shall provide a written acknowledgment of receipt of such training by each attendee. The

acknowledgement shall include the name of each attendee, job title, the training session attended, and the date attended. Defendant may utilize a group sign-in sheet or an Excel spread sheet for this purpose.

24. **Reporting.** During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

    A. The identities of all persons, in Texas, who received an offer of employment that was subsequently revoked for failure to pass the pre-employment drug screening because of an inability, failure, or refusal to provide a urine sample due to an alleged disability, including by way of identification each person's name, last four digits of his or her social security number, if known, and last known address and telephone number; and

    B. For each individual identified in paragraph 24.A. above, the date the job offer was made, the position offered, whether the individual requested an alternative method of drug testing, the date and reason the job offer was revoked, whether the person had a disability known to Defendant at the time of the revocation, and the full name of all persons involved in the revocation decision.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

## VIII.
## ENFORCEMENT; BREACH AND OPPORTUNITY TO CURE

25.  **Jurisdiction to Enforce Compliance.**  During the term of this Decree, the Court shall retain jurisdiction to assure compliance with this Decree and to permit entry of such further orders or modifications as may be appropriate.

26.  **Breach and Opportunity to Cure.**  If Defendant fails to timely pay either Settlement Check from the Settlement Amount, as specified in paragraphs 6-9 above, or to otherwise fails to comply with those paragraphs, the payment shall be considered as past due and the EEOC shall be authorized to seek relief for such failure and for enforcement of this Decree in the United States District Court, with five (5) business days-notice to and an opportunity to cure by Defendant. If Defendant does not cure the non-payment within five (5) business days of the notice, the EEOC is authorized to seek court enforcement without further notice to Defendant. If either Settlement Check described in paragraphs 7-8 above is returned by Defendant's financial institution as unpaid for any reason, including insufficient funds, the payment shall be considered to be past due and all available remedies for past due payments set forth in this paragraph shall accrue to the EEOC.

27.  **Opportunity to Cure All Other Breaches.**  For any breach alleged by the EEOC other than non-payment of any portion of the Settlement Amount, the EEOC will provide notice to Defendant of the breach and Defendant will then have twenty (20) business days for the opportunity to investigate and cure such breach. Should the Parties be unable to resolve a breach or other dispute regarding this Decree, and/or the EEOC otherwise assesses that compliance has not been achieved, the EEOC is specifically authorized to seek Court-ordered enforcement of this Decree.

28.    **Sanctions.**  The EEOC also reserves the right to seek contempt sanctions for non-payment and/or other non-compliance with this Decree.

## IX.
## DEFENDANT'S LIAISON

29.    **Designation of Defendant's Liaison with the EEOC.**  Within ten (10) days of entry of this Decree, Defendant shall designate a Liaison to communicate with the EEOC as required under this Decree.  The Liaison is charged with ensuring Defendant's compliance with the terms and conditions of this Decree, and any act or failure to act by the Liaison shall be attributable to Defendant.  The primary Liaison must be either (1) an owner, member-manager, or managerial employee that directly reports to and is supervised by Defendant's chief executive officer(s) or (2) counsel of record to this Lawsuit.  If the primary Liaison is not Defendant's owner, member-manager, or employee, then Defendant must designate a secondary Liaison who is a managerial employee that directly reports to and is supervised by Defendant's chief executive officer(s) and/or president(s), or who is an owner or member-manager.  The secondary Liaison will have full, equal, and independent responsibility for ensuring that Defendant complies with the terms and conditions of the Consent Decree.  The Liaison shall report to the EEOC, in writing, Defendant's compliance obligations under paragraphs 9, 11, 15, 16, 18, 22, and 23 of this Decree.  The Liaison shall also receive all notices of noncompliance and other communications that the EEOC may issue under paragraphs 14, 16, 22, 26 and 27 of this Decree.  Within fifteen (15) days of the removal, resignation, or incapacitation of the Liaison, Defendant must designate a new liaison and provide the information required by paragraph 29.

30.    **Manner of Designation.**  Once Defendant designate the primary Liaison (and secondary Liaison, if any), Defendant shall provide the EEOC with the Liaison's name, job title,

business address, email address, and telephone number, and a declaration by the Defendant's chief executive officer(s) and/or president(s), stating that the Liaison:

(a) Has authority to act on Defendant's behalf with regard to this Decree;

(b) Is responsible for Defendant's compliance with the terms of this Decree, and with the reporting obligations under paragraphs 9, 11, 15, 16, 18, 22 and 23 of this Decree and shall receive notices of noncompliance and other communications that the EEOC may issue under paragraphs 14, 16, 22, 26 and 27; and

(c) Understands that any act or failure to act by the Liaison under this Decree will be attributable to Defendant.

## X.
## COMMUNICATIONS WITH THE EEOC

**31. Notices to EEOC.** All reports, notices, and acknowledgments required by this Decree to be provided to the EEOC shall be sent to Lloyd S. van Oostenrijk, Trial Attorney, and Pamela Hockaday, Paralegal, at the Equal Employment Opportunity Commission, 1919 Smith St., 7th Floor, Houston, Texas 77002, lloyd.vanoostenrijk@eeoc.gov and pamela.hockaday@eeoc.com, by U.S. mail or by email, or otherwise designated by the EEOC.

**32. Reporting Policy Changes.** If Defendant enacts, revokes, or modifies any anti-discrimination policies or procedures during the term of the Decree, this information shall be provided to the EEOC on an annual basis.

## XI.
## MISCELLANEOUS PROVISIONS

**33. Successors-in-Interest.** This Decree shall be binding on Defendant, all successors and assigns of Defendant, and all successors-in-interest to the business owned or managed by Defendant. Therefore, Defendant shall notify all such successors-in-interest or potential successors-in-interest of the existence and terms of this Decree by providing them with a copy of

13

the Decree prior to any sale, acquisition, or merger of ETC with any other company or business entity. This paragraph shall not limit any remedies available to the EEOC pertaining to a violation of breach of this Decree.

34. **Calculation of Time Periods.** All time period(s) referenced in this Decree shall be measured in calendar days unless otherwise noted.

35. **Severability.** If any provision of this Decree is held to be invalid, the remaining provisions shall remain enforceable.

36. **No Implied Waiver.** The EEOC's failure to timely exercise a right or to timely perform an obligation under this Decree shall not operate as a waiver by the EEOC of any future timely exercise of such right or timely performance of such obligation.

37. **Costs and Attorney's Fees.** Each party to this action shall bear its own costs and attorney's fees.

SO ORDERED, ADJUDGED AND DECREED this ____ day of _____, 2024.

AUG 1 6 2024

_____
THE HONORABLE ALFRED H. BENNETT
UNITED STATES DISTRICT COURT JUDGE

APPROVED AND ENTRY REQUESTED:
FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

/s/ *Lloyd S. Van Oostenrijk, by permission, CLM*
LLOYD S. VAN OOSTENRIJK
Trial Attorney
Texas Bar No. 24056467
S. D. Tex. No. 695844
lloyd.vanoostenrijk@eeoc.gov
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Houston District Office
1919 Smith St., 7th Floor
Houston, Texas 77002
(346) 327-7718 (Telephone)
(713) 651-7995 (Facsimile)

/s/ *Carolyn L. Martin*
CAROLYN L. MARTIN
Trial Attorney
Texas Bar No. 24112888
S. D. Tex. No. 3563204
carolyn.martin@eeoc.gov
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Houston District Office
1919 Smith St., 7th Floor
Houston, Texas 77002
(346) 327-7714 (Telephone)
(713) 651-7995 (Facsimile)


FOR DEFENDANT EMPLOYMENT & TRAINING CENTERS, INC.:

/s/ *Stephen J. Quezada, by permission, CLM*
STEPHEN J. QUEZADA
stephen.quezada@ogletree.com
Texas Bar No. 24076195
S.D. Tex. No. 1348753
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Allen Center
500 Dallas Street, Suite
Houston, Texas 77002
713.655.5757 (Telephone)
713.655.0020 (Facsimile)

15